IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONTAGUE WALKER,  )
                                    )     Civil Action No.  14 – 1504  
           Plaintiff,  )  
                                    )     Magistrate Judge Lisa Pupo Lenihan  
     v.  )  
                                    )  
JOHN DOES 1-10, et al,  )  
                                    )  
           Defendants.  )

## MEMORANDUM OPINION AND ORDER
## ON COMMONWEALTH DEFENDANTS' MOTION TO DISMISS

**I. CONCLUSION**

Before the Court is the Commonwealth Defendants' February 9, 2015 Motion to Dismiss (ECF No. 18). For reasons set forth below, the Motion will be granted only as to the dismissal of Defendant Pennsylvania Department of Corrections (the "DOC") and denied in all other respects. In so ruling, the Court notes that no Motion to Dismiss has been filed by Defendant Dascani or consolidated Defendant Wexford Health Sources, Inc. ("Wexford"), the John Doe Defendants remain to be identified as potentially liable parties, Plaintiff's explications of his Constitutional claims may be less than ideal but are adequate under the applicable standards at this stage of the proceedings, and Plaintiff will be subject to a heightened standard of review at later stages of this litigation, *e.g.*, under any prospective Motion(s) for Summary Judgment.

## II. FACTUAL AND PROCEDURAL HISTORY

Presently before the Court is a Motion to Dismiss filed by Defendants SCI Employees Manke, McWilliams, Henry, Rhoades (the "Named Correctional Officer Defendants") and Mary Bobeck, R.N., ("Nurse Bobeck") and the Pennsylvania Department of Corrections (collectively the "Commonwealth Defendants"). On November 3, 2014, Plaintiff initiated this lawsuit, which is now pending against the Commonwealth Defendants, together with John Does 1-10 and Dr. Dascani. Plaintiff subsequently initiated litigation against Wexford which was consolidated by Order of April 21, 2015 (ECF No. 29). Plaintiff alleges pursuant to 42 U.S.C. § 1983 that while he was an inmate at the State Correctional Institute at Fayette ("SCI Fayette") his Eighth and Fourteenth Amendment rights were violated by Defendants who (a) participated in and/or were responsible for his medical care and who acted/failed to act with deliberate indifference to his medical needs, and/or (b) caused SCI Fayette to lack adequate/appropriate policies or equipment for handling serious falls and consequent potential spinal injuries. He also alleges supplemental state law negligence claims.

More specifically, Plaintiff alleges, in the First Amended Complaint filed January 27, 2015 (ECF No. 14), that on January 16, 2013, sometime prior to 1 p.m., he fell from his top bunk, knew he might be seriously injured, and did not attempt to move. The Named Correctional Officer Defendants were all present in his cell within 5-15 minutes. Plaintiff alleges "medical staff" were called and two medical officers arrived; he also alleges that Nurse Bobeck "participated in" his medical care. Documentation at 1:55 p.m. indicates that Plaintiff had extremities numbness/tingling and severe pain aggravated by movement. Defendant Dr. Dascani was called at about 2:05, "participated in" Plaintiff's medical care, and records indicate

that Emergency Medical Technicians (EMT) were dispatched at 2:07. Plaintiff alleges that with disregard of basic, common-sense and well-known principles of first aid and/or training, one or more Defendants dragged Plaintiff towards the middle of his cell, manipulated his body – with no use of a cervical collar - to place him on a backboard, moved his head and neck while attempting and failing to place an improperly-sized/inadequate collar, jostled and rotated him in moving the backboard several feet off the ground, whereupon it cracked and he and the backboard hit the floor. Plaintiff alleges that as yet unidentified Defendants then lifted him from the broken backboard onto a sheet they pulled from his bunk, and carried him in the sheet - with head and neck unsecured and feet dangling - down stairs with the assistance of several individuals including a fellow (untrained) inmate. Finally, he alleges that when the EMT arrived, unidentified Defendants insisted upon searching the Plaintiff, continuing to significantly move and pull his body, still sans cervical collar, and attempting to put a transport uniform on him. At this point, Plaintiff told the EMT he could not feel his hands and feet. Despite major spinal surgery after transportation and transfer to the University of Pittsburgh Medical Center, Plaintiff is now a quadriplegic and suffers additional medical complications. He alleges causation through deliberate indifference reflected in the lack of adequate policies and equipment, and the denial/delay/obstruction of appropriate medical care and/or related post-fall mistreatment and permission/non-intervention in mistreatment by Correctional Officer and Medical Defendants. Plaintiff also alleges a state-created danger arising from Defendants' creation of opportunities for further injury.

      Plaintiff's three count Amended Complaint alleges (1) under § 1983, and against all Defendants but the DOC, cruel and unusual punishment in violation of the Eighth and Fourteenth

Amendments and/or violation of his right to due process under the Fourteenth Amendment; (2) violation of Pennsylvania common law duties, including negligence and medical malpractice, against all Defendants but the DOC; and (3) negligence in its maintenance of real estate as against the DOC, which cause of action he asserted as actionable by a waiver of sovereign immunity under 42 Pa.C.S. § 8522(b)(4). The Commonwealth Defendants' Motion seeks dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff' Brief in Opposition (ECF No. 24) concedes only that the real estate negligence claim against the DOC is currently subject to dismissal.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (May 18, 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

4

More recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).[1]

---

[1] The Court of Appeals for the Third Circuit had previously set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. Aug. 18, 2009).

## IV. ANALYSIS

The Commonwealth Defendants argue that they are entitled to dismissal of any Eighth Amendment claims for deliberate indifference as to Plaintiff's medical needs and any claims based on failure to train or provide appropriate medical equipment. Defendants correctly identify the requisite showing of "deliberate indifference" as requiring personal involvement and knowledge of facts sufficient to infer that a substantial risk of serious harm exists. See Commonwealth Defendants' Brief in Support (ECF No. 19) at 7-9 (including citations). Defendants also correctly note Plaintiff's *ultimate* obligation to identify particular individuals (as opposed to continue John Doe Defendants) responsible for training/equipment deficiencies and a causally-related deliberate indifference to an apparent need for more or different training. See id. at 13-14 (including citations). Compare Plaintiff's Brief in Opposition (ECF No. 24) at 14-15 (noting Plaintiff's inability to know, at this time, specific supervisory employees showing deliberate indifference to the proper implementation and enforcement of, *e.g.*, the DOC's own Access to Health Care Policy requirements regarding staff development and training in "recognition of the signs and symptoms, and knowledge of action required in potential emergency situations"). The Court concludes that, under the currently applicable standards, Plaintiff's allegations, including those summarized above (and including, *e.g.*, Plaintiff's allegations as to socially-recognized basic emergency injury knowledge), are sufficient to raise plausible claims, entitled to factual inquiry/development, regarding potential liability.[2]

---

[2] See Commonwealth Defendants' Brief in Support ECF No. 19 at 4-5 (noting the absence of factual allegations to "back up" whether particular Defendants had "actual knowledge by way of their training or otherwise" or to identify the specific individuals participating in particular events, and incorrectly objecting to Plaintiff's allegations, in the alternative, that individual Defendants participating in his care knew they were violating basic medical protocols for neck/spinal injuries and nonetheless mishandled Plaintiff or other individual Defendants present

The Commonwealth Defendants assert entitlement to dismissal of any Fourteenth Amendment claim on grounds that Plaintiff is not entitled to maintain a Fourteenth Amendment substantive due process claim where he has raised claims more properly fitting within an Eighth Amendment paradigm. See ECF No. 19 at 14-15 (discussing the "specific provision rule"). Here again, the Court concludes that the allegations of the Amended Complaint are sufficient at this early stage of the litigation to warrant retention of a Fourteenth Amendment claim, not yet clearly identified as indistinguishable from/duplicative of Plaintiff's other potential Constitutional claims, pending discovery and subsequent motions. The Court rejects, at this stage, Defendants' assertion that Plaintiff's claims do not support any plausible substantive due process violation, including that of a state created danger. See ECF No. 24 at 15-16. The Court does so, noting again the differing standard applicable on summary judgment.

Finally, the Commonwealth Defendants assert entitlement to dismissal of the negligence claims on multiple bases: (a) as to the non-medical Commonwealth Defendants – entitlement to sovereign immunity under 1 Pa.C.S. § 2310 because the Defendants concede in their motions briefing that these individual Defendants were acting within the scope of their employment at SCI Fayette, *see* ECF No. 19 at 16-18; (b) as to the medical Commonwealth Defendant, Nurse Bobeck –because Plaintiff failed to file a Certificate of Merit within 60 (sixty) days of the

---

or participating knew and failed to preempt the alleged mishandling); id. at 12 (objecting to Plaintiff's failure to provide specific factual allegations as to Nurse Bobeck's participation).

The Court also notes the distinction between assertions of potential liability based on a delay of access to appropriate medical care, *e.g.*, treatment by professionally-trained EMT, and liability based on action/failure to act regarding Defendant's handling of Plaintiff and/or training and equipment. See id. at 6 (noting that Plaintiff's Eighth Amendment claims are based "presumably [on] deliberate indifference to serious medical needs" and "lack of equipment and training of corrections personnel"). All of these considerations to full or partial continuation of this action will be more fully assessable following an appropriate period of discovery.

Complaint as required by Pa. R. Civ. P. 1042.3 as adopted by the Court of Appeals for the Third Circuit, *see* id. at 18-20 (including citations) and has failed to meet the plausibility requirement; and (c) as to the DOC – entitlement to both (i) Eleventh Amendment immunity as an agency of the Commonwealth, as under this Amendment the "judicial power of the United States" does not extend to this action against the DOC and the Commonwealth "has expressly refrained from waiving its immunity in federal courts", *see* id. at 21-22 (including citations); and (ii) sovereign immunity as the real estate exception is inapplicable, *see* id. at 22-25 and discussion, *supra*.

Plaintiff (a) concedes that the non-medical Commonwealth Defendants are entitled to dismissal via sovereign immunity if they were acting within the scope of their employment. ECF No. 24 at 17. However, he argues that Defendant has not filed an Answer admitting this, nor has the Court so ruled. Plaintiff also agrees that a certificate of merit is required and notes that a certificate of merit has now been filed as to both medical Defendants. He asserts that his subsequent filing of the requisite Certificate of Merit is sufficient to maintain this action where Defendants did not previously avail themselves of the option to seek entry of a judgment of *non pros* as also prescribed by the relevant Pennsylvania Rules. *see* id. Finally, Plaintiff concedes that negligence claims against the DOC should be dismissed on the basis of lack of jurisdiction under the doctrine of sovereign immunity but does concede to a dismissal on the merits. See ECF No. 24 at 17-18.

This Court concurs with Plaintiff that (a) it is more appropriate to dismiss the non-medical Defendants as to this claim upon Defendant's admission by way of its Answer and (b) that the litigation/Court filing history supports maintenance of Plaintiff's claims against the medical Defendants. It also concludes that the DOC is entitled, as an agency of the

8

Commonwealth, to dismissal in accordance with Eleventh Amendment immunity barring this Court's jurisdiction.

In sum, the Court finds that, viewed in light of the forgoing liberal pleading standards and with the sole exception of Plaintiff's claim against the DOC, the facial allegations of the First Amended Complaint, when taken as true, sufficiently support a reasonable inference that the Commonwealth Defendants other than the DOC are plausibly liable for the misconduct alleged, and that the Amended Complaint meets the standards as enunciated in <u>Twombly</u>, <u>Iqbal</u>, <u>Fowler</u> and other relevant case law set forth herein.

## V. <u>ORDER</u>

**AND NOW IT IS HEREBY ORDERED** this 22nd day of September, 2015, that the Commonwealth Defendants' Motion to Dismiss (ECF No. 18) is **GRANTED** only as to the dismissal of Defendant Pennsylvania Department of Corrections on grounds of immunity and absence of jurisdiction.

**IT IS FURTHER ORDERED** that said Motion to Dismiss is **DENIED** in all other respects.

By the Court:

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of record